McIlvaine, J.
The only issue joined between the original parties to the action involved the right of the plaintiffs to collect the note sued on. For the determination of this issue, it was not necessary that the plaintiffs in error or any *657 other person should have been made new parties- to the suit. The original defendants, the makers of the note, might have compelled an interpleader between the plaintiffs and the executors of Daniel Stewart, deceased, as to the ownership of the note, but they did not see proper to do so.
It being clear, therefore, that the plaintiffs in error were not necessary parties to a complete determination or settlement of the question involved in the original case, it remains to inquire whether they were properly admitted as parties in the case for any purpose. If they were properly made defendants, then their cross-petition must stand or fall on its merits, but if improperly made parties, then they and their cross-petition have no standing in the case.
Section 84 of the civil code provides, that “ any defendant who is properly made a defendant, may claim' in his answer, relief touching the matters in question in the petition against the plaintiff, or against other defendants in the same action.”
It is claimed that the new parties were properly let in under the rule prescribed in section 35 of the code. This section provides that “ any person.may be made a defendant who has or claims an interest in the controversy, adverse to the plaintiff', or who is a necessary party to a complete determination or settlement of the question involved therein.” We have already stated, that the plaintiffs in error can not maintain their position under the latter clause' of this section; and it is equally clear, that the original pleadings, or, in other words, the pleadings between the original parties, do not disclose any interest belonging to them in the controversy adverse to the plaintiff; nor do we find any such interest stated in their cross-petition. Assuming all the statements of the cross-petition to be true, they simply show, as to the controversy between the original parties, that the right of action on the note sued on was in the executors of Daniel Stewart, and not in the plaintiff's. The plaintiffs in the original petition claimed *658 that- the note sued on had ceased to be of the assets of the estate, and had become their property. The plaintiffs in error claimed that the note continued to be of the assets ■of the estate, and was the property of the executors. In neither case, however, were the plaintiffs in error proper parties in an action for the recovery of the money due thereon. If the note had ceased to be of the assets of the ■estate, neither the executors nor the plaintiffs in error had ■any interest to assert in the action. If it continued to be -of the assets of the estate, the executors, and no other person, were proper parties plaintiff in an action to enforce its payment.
It may be admitted that the facts stated in the cross-petition entitled the plaintiffs in error to relief as against the executors of Daniel Stewart, deceased. It is certainly true that the executors were trustees of the residuum of the estate for the benefit of the distributees under the residuary clause of the will; and it is also true, that a breach of their trust, to the injury of Hillier as one of the distributees, gave to plaintiffs in error a cause of action against the executors ; but, it by no means followed, that such maladministration constituted a good ground of action in favor of plaintiffs in error against other residuary distributees who had received or were seeking to possess themselves of more than their share of the assets, in the absence of a showing of insolvency or fraudulent combination. But, however that may be, we find no warrant or authority, upon the facts stated in this record, for injecting the case made by the cross-petition into the original action. All the parties necessary or proper to a complete determination of the question involved in the original action were brought in at its commencement; and therefore, against the objection of the original parties, it was improper to admit into that case the plaintiffs in error as defendants for the purpose of stating, by way of cross-petition, a new case, which could not •be determined without the presence of still other parties, who claimed no interest in the subject-matter of the original action. The case made, or sought to be made by the *659 •cross-petition should be prosecuted in an original suit. We therefore find no error in the judgment of the District ■Court for which it ought to be reversed.

Motion overruled.

Welch, C.J., White, Res, and Gilmore, JJ., concurred.